IN RE EUGENE H. MEYER.

Argued October 7, 1924—Decided January —, 1925.

Practice of Law—Disbarment—Reinstatement—Petition to Review Evidence Taken at Disbarment Cannot be Granted—Newly-discovered Evidence, Subsequent Exemplary Conduct, Etc., May be Considered in Manner Laid Down in Previous Cases.

In proceedings on disbarment.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the petitioner, *Louis B. Lesser*.

PER CURIAM.

Eugene H. Meyer was admitted as an attorney in the State of New Jersey in February, 1909, and as a counselor in June, 1912. By an order of the Supreme Court, sitting in one of its branches, on December 14th, 1917, he was "put out of the roll, disbarred and forbidden henceforth to practice as a counselor, solicitor and attorney-at-law in all the courts of this state." Mr. Meyer, on August 27th, 1924, presented his petition to the court, reciting the above facts, and further alleging that the conduct of the petitioner has

been exemplary from the time of said disbarment, and that he has patriotically served the government in the late war; that it is difficult for him to find employment, and that he has maintained at all times, and still maintains his innocence of any intentional wrong-doing in the matter for which he was disbarred; that he is desirous of having this court review its findings and alter its judgment, and concludes said petition with the prayer that "this court will give to the petitioner a rehearing, and will designate a time and place when it will hear arguments and receive any further evidence which it may deem worthy of consideration in support of petitioner's prayer."

On this petition being presented to Mr. Justice Kalisch, he, on August 27th, 1924, ordered that the petitioner may, through his attorney, appear at the October, 1924, term of this court, on its opening day or on such other day as may be fixed by said court, and there present more fully the matters contained in his petition, and present and argue the issues of fact and law raised in his petition and all matters pertinent and relevant thereto.

The matter came on for hearing before the third branch of the Supreme Court, at the October, 1924, term. At that time the record of the proceedings taken in the Supreme Court, and upon which the disbarment was based, were presented.

It will be perceived that the application to this court is one to review the evidence upon which the court, in 1917, acted, and to reconsider the judgment imposed. This we cannot do. The court cannot undertake, upon the same record, to again and again examine and pass upon facts once definitely and finally disposed of in the court. If the case is to be heard upon newly-discovered evidence, tending to show the innocence of the petitioner of the charges made against him in the disbarment proceedings, or if, admitting the wrong-doing there established, he desires to make application for reinstatement based upon subsequent exemplary conduct and reformation, the method indicated is laid down

with care and precision in the opinion of the Supreme Court in the case of *In re Harris*, 88 *N. J. L.* 18, and the course pursued in that case. It has been followed at the present term in the case of In re Paul Wendell.

The petition will be denied, but without prejudice to the right of the petitioner to take the course indicated in this opinion.